HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY R PETROZZI,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. C19-5967RBL

ORDER

THIS MATTER is before the Court on Pro se Plaintiff Petrozzi's Motions for appointment of counsel [Dkt. # 2] and to consolidate [Dkt. # 4] this case with two prior cases he has filed asserting similar claims against similar defendants and arising out of the same nucleus of fact (Petrozzi v. Thurston County et al., 17-cv-5677RBL, and Petrozzi v State of Washington et al., 18-cv-5502BHS).

Petrozzi filed his first case (a § 2254 habeas petition) while he was incarcerated. It was dismissed without prejudice for failing to obey a Court order. [Dkt. #s 38 and 40 in the 2017 case]. Petrozzi's voluntarily dismissed (without prejudice) his second case (§ 1983 action against many of the parties) while the Magistrate Judge's Report and Recommendation that the case be dismissed was pending.

ORDER - 1

The Court will not consolidate this third case into those already-closed cases. The Motion to Consolidate is **DENIED**. Nevertheless, the fact the cases were filed, and any evidence gathered or presented in them, might be used in resolving this case.

An indigent plaintiff in a civil case has no constitutional right to counsel, unless he may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Petrozzi is not proceeding *in forma pauperis* (and based on the complaint he filed, he could not so proceed). He has not shown any likelihood of success on the merits. His claims against various state judges and prosecutors involved in what he claims are erroneous or unconstitutional decisions are not cognizable as a matter of law. They have judicial and prosecutorial immunity. If and to the extent Petrozzi asks this Court to review or reverse the underlying rulings, those claims are barred *Rooker-Feldman*.

This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those

judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

Petrozzi has not met the standard for the appointment of counsel, and his Motion for such appointment is **DENIED**.

IT IS SO ORDERED.

Dated this 21st day of November, 2019.

Ronald B. Leighton
United States District Judge